UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Annie Raines, on behalf of herself
and all others similarly situated,**

   **Plaintiff,**        Case No. 2:17-cv-209
                Judge Michael H. Watson
                Magistrate Judge Jolson

 **v.**

**Salo, Inc. d/b/a Interim Healthcare,**

   **Defendant.**

## OPINION AND ORDER

On March 6, 2018, the parties submitted a joint motion for settlement approval of this collective action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). ECF No. 21. For the following reasons, the Court **GRANTS** the parties' motion.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Lakosky v. Discount Tire Co., Inc.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015) (citation omitted). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23). Factors relevant to this determination include: (1) the risk

of fraud or collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC*, No. 07-cv-430, 2011 WL 2532922, at *8 (S.D. Ohio June 24, 2011). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Lakosky*, 2015 WL 461786, at *1.

After a careful review of the parties' motion and the settlement agreement, the Court finds that the settlement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties. There is no evidence the settlement agreement is the result of anything other than arm's length negotiations between experienced opposing counsel, mediated by a well-respected mediator. Prior to reaching an agreement, counsel had access to a sufficient amount of discovery to adequately assess the likelihood of success and the risks involved in continued litigation. Finally, the proposed attorneys' fees and costs, to be distributed from the total settlement amount recovered by Plaintiff, are fair and reasonable.

Accordingly, the Court **GRANTS** the parties' motion, ECF No. 21, **APPROVES** their settlement agreement, and **APPROVES** Plaintiff's counsel's request for attorneys' fees, costs, and expenses. The case is certified as a collective action for settlement purposes only. The Claims Administrator designated by the parties is authorized to send the notices and issue the payments pursuant to the terms of the Settlement.

The Court **DISMISSES with prejudice** this action.

Finally, the Court shall **RETAIN JURISDICTION** to enforce the terms of the parties' settlement.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**